UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00484-FDW-SCR

| | |
|---|---|
| ECO FIBER INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| YUKON PACKAGING, LLC et al, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court *sua sponte* as to whether this Court has jurisdiction over this matter, which the Court concludes must be determined prior to ruling on the pending Motion for Preliminary Injunction.

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Before a court can rule on any other issue, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (internal quotation marks omitted). If there is doubt whether such jurisdiction exists, the court must "raise lack of subject-matter jurisdiction on its own motion," without regard to the parties' positions. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (noting federal courts are independently obligated to determine whether subject matter jurisdiction exists, "even when no party challenges it"); Mansfield, Coldwater & Lake Mich. Ry. v. Swan, 111 U.S. 379, 382 (1884).

1

Thus, it is well-settled that lack of subject matter jurisdiction may be raised at any time by a litigant or the court *sua sponte*. See, e.g., id. at 384. Finally, "[n]o party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Federal district courts retain original subject matter jurisdiction when, among other specific scenarios expressed in Title 28 of the United States Code, either (1) the complaint raises a federal question under 28 U.S.C. § 1331, or (2) the requirements for amount in controversy and diversity of citizenship are met under 28 U.S.C. § 1332. The party asserting jurisdiction bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Here, on May 9, 2024, Plaintiff filed an action designated for the North Carolina Business Court alleging breach of contract, unjust enrichment, tortious interference with prospective business relations, fraud, breach of fiduciary duty, constructive fraud, misappropriation of trade secrets, unfair and deceptive trade practices, and civil conspiracy. (Doc. No. 1-1.) On May 17, 2024, Defendants removed this matter to this Court. In so removing, Defendants assert this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1454(a), which provides "[a] civil action in which any party asserts a claim for relief arising *under any Act of Congress* relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a) (emphasis added).

The Court ORDERS the parties to submit supplemental briefing on their respective positions as to whether this Court has federal question jurisdiction to resolve the disputes before it. Supplemental briefs on this narrow issue shall be no longer than 3,000 words and must be filed

no later than **NOON, ON JUNE 17, 2024**. The Court will issue a ruling resolving the jurisdictional issue, and—if appropriate—Plaintiff's Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED** that supplemental briefs on the issue of this Court's jurisdiction shall be filed no later than NOON, ON JUNE 17, 2024, and shall be no longer than 3,000 words.

**IT IS SO ORDERED.**

Signed: June 13, 2024

Frank D. Whitney
United States District Judge