UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00484-FDW-SCR

| ECO FIBER INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF ECO FIBER INC.'S** |
| v. | ) | **SUPPLEMENTAL BRIEF** |
| | ) | **REGARDING FEDERAL** |
| YUKON PACKAGING, LLC, et al., | ) | **QUESTION JURISDICTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Eco Fiber Inc. ("EFI"), through counsel, submits this supplemental brief in compliance with the Court's Order issued June 13, 2024, requiring supplemental briefing on the issue of this Court's jurisdiction.

## **BOTTOM LINE UP FRONT**

EFI filed its state-court complaint on May 9, 2024. That state-court complaint did not raise any necessary federal issue. A hearing on EFI's motion for temporary restraining order was heard by the Honorable Adam J. Conrad on May 13th and, while EFI's motion was denied, Judge Conrad recognized the urgency in EFI's motion for preliminary injunction and set an expedited hearing for EFI's motion for preliminary injunction on May 28th. However, Defendants removed the state-court case to this Court on May 17th before the expedited hearing set by Judge Conrad could occur.

In support of removal, Defendants argued that inventorship, ownership, and the right to assert infringement are "at the heart of the case" (DE 1, p. 2), and sought to relate this action to a separate patent-related action already pending in this Court (3:24-cv-465-FDW-DCK).[1] At that

---

[1] A motion to consolidate with consent was filed by Defendants, but consolidation will not cure the jurisdictional defect in Defendants' removal. *See Yates v. Med. Specialties, Inc.*, 3:11cv6, 2011

{00900301-2}  1

time, EFI took Defendants' assertions regarding jurisdiction at face value and therefore did not fight removal but rather moved forward with EFI's motion for preliminary injunction before this Court.

Now, having researched the matter in detail following receipt of the Court's briefing order, EFI's counsel have concluded that under the applicable law, no federal question is present, and that the decision to file in state court was the correct one. When the relevant analysis is applied to this action by itself, EFI's counsel are unable to identify a valid rationale for concluding that a federal question is present. In view of *Inspired Dev. Grp., LLC v. Inspired Prods. Grp., LLC*, 938 F.3d 1355 (Fed. Cir. 2019), it is clear removal was without merit. Consequently, and even though it will result in still further delay in having its motion for preliminary injunction to be heard, EFI believes that there is no subject matter jurisdiction based on a federal question, and that the action must be remanded to state court

## **ANALYSIS**

Federal courts have exclusive jurisdiction over cases "arising under any Act of Congress relating to patents." *Inspired Dev. Grp.,* at 1361 (quoting 28 U.S.C. § 1338(a)). For a case to "arise under" federal law in the absence of a federal cause of action, the four-part *Gunn* test must be satisfied. *See Gunn v. Minton* , 568 U.S. 251, 256 (2013). Under *Gunn*, federal jurisdiction over a state law claim will lie if 'a federal issue' is: (1) 'necessarily raised,' (2) 'actually disputed,' (3) 'substantial,' and (4) 'capable of resolution in federal court without disrupting the federal-state balance approved by Congress.' **All four elements must be satisfied.**" *Inspired Dev. Grp.,* at 1362 (citing *Gunn*, 568 U.S. at 258) (internal citations omitted) (emphasis in original). Further, "it [is]

---

U.S. Dist. LEXIS 60190, *6 (W.D.N.C. June 6, 2011) (as a matter of law, subject matter jurisdiction exists or not the moment an action is filed, and issue must be determined before consolidation).

{00900301-2 }                                         2

Case 3:24-cv-00484-FDW-SCR   Document 39   Filed 06/17/24   Page 2 of 13

settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

In the present case, the jurisdictional question is controlled by the first *Gunn* element: for the Court to have subject matter jurisdiction, there must be a necessarily raised federal issue in EFI's well-pled state-court complaint. "[A] patent law issue will be necessarily raised only if it is a necessary element of one of the well-pleaded claims." *Id.* (citing *NeuroRepair, Inc. v. The Nath Law Grp.*, 781 F.3d 1340, 1344 (Fed. Cir. 2015)). As shown below, none of EFI's causes of action in the state-court complaint contains a federal issue that is a necessary element of the claim. Specifically, EFI can prevail on each claim without raising a federal issue, and therefore there is no basis for supporting federal question jurisdiction in any claim. *See Inspired Dev. Grp.*, at 1363 (federal issue is not "necessarily raised" under *NeuroRepair* when plaintiff can prevail on the federal issue or, alternatively, on a non-federal issue).

I. **The first cause of action for breach of contract does not contain, as a necessary element, a federal issue.**

The first cause of action of EFI's state-court complaint is for breach of contract for the sales and consulting services agreement and does not contain, as a necessary element, a federal issue.

To be sure, EFI alleges a contractual breach based on breach of the implied covenant of good faith and fair dealing for "charging and collecting *patent* royalties from EFI when no legitimate basis existed to do so" (DE 1-1, ¶96(c)) (emphasis added); however, EFI also alleged several other grounds for breach of contract (DE 1-1, ¶96(a)-(b)). As a result, EFI can prevail on its first claim by proving Zone 1 Consulting "provid[ed] EFI's confidential information to a

competitor" or, separately, EFI can prevail by independently proving Zone 1 Consulting "accept[ed] payment from EFI for consulting services while at the same time acting in concert with a competitor to take away EFI's business." It is therefore not necessary for EFI to prove Zone 1 Consulting "charg[ed] and collect[ed] patent royalties from EFI when no legitimate basis existed to do so" in order to prevail on its claim for breach of contract.

Because EFI can prevail on the first cause of action without raising a federal issue, that claim does not provide a basis to support federal question jurisdiction.

II. **The second cause of action for breach of contract does not contain, as a necessary element, a federal issue.**

The second cause of action of EFI's state-court complaint for breach of contract of a confidentiality agreement also does not contain, as a necessary element, a federal issue.

The breach is based on "[d]isclosing, divulging, revealing, or using EFI's confidential information in a manner not authorized by EFI in violation of the Confidentiality Agreement" (DE 1-1, ¶100(a)); "[f]ailing to prevent [Zone 1's] employees or agents from disclosing, divulging, revealing, or using EFI's confidential information in a manner not authorized by EFI in violation of the Confidentiality Agreement" (DE 1-1, ¶100(b)); "[u]sing EFI's confidential information for the benefit of Zone 1 and for the benefit of third parties, including Yukon, in violation of the Confidentiality Agreement" (DE 1-1, ¶100(c)); "[p]roviding EFI's confidential information to a competitor" (DE 1-1, ¶100(d)); and "[v]iolating the implied covenant of good faith and fair dealing inherent in the Confidentiality Agreement." (DE 1-1, ¶100(d)). None of these separate and independent grounds supporting breach of contract necessarily raises a federal issue. Indeed, no federal issue is even remotely implicated by any of these grounds.

Because EFI can prevail on the second cause of action without raising a federal issue, that claim does not support federal question jurisdiction.

### III. The third cause of action for unjust enrichment does not contain, as a necessary element, a federal issue.

The third cause of action of EFI's state-court complaint for unjust enrichment does not contain, as a necessary element, a federal issue.

The third claim is based on "EFI's payment of purported patent royalties to Zone 1" that "conferred a benefit on Zone 1, Chris, and David", that "was not conferred officiously or gratuitously", that "was measurable", that "Zone 1, Chris, and David consciously accepted", and that "would be unjust to permit Zone 1, Chris, and David to retain". (DE 1-1, ¶¶ 104-108).

EFI supports the third claim in the state-court complaint with the following allegations:

- "The factual representation that David had a patent was a material fact that was relied upon by EFI in paying the patent royalty. This material fact was false because David had no patent in January 2023, and David was not granted a patent until October 3, 2023." (DE, ¶48)

- "Nonetheless, relying on Chris and David's factual representations, EFI began paying the patent royalty in January 2023 and continued to do so monthly. In total, EFI paid $240,000 in 'patent royalties' to Zone 1 which never would have been paid had EFI not relied on the factual misrepresentation. Indeed, EFI ceased paying the patent royalties when advised by counsel that David's patent did not actually cover the Three-Pad Box and did not cover the method used by EFI to manufacture the Three-Pad Box." (DE, ¶49)

- "Chris and David acted with malice, in bad faith, and with intent to defraud EFI when they intentionally misrepresented to EFI that David had a patent for purposes of extracting the patent royalty when David had no patent." (DE, ¶50)

{00900301-2 }                                5

Case 3:24-cv-00484-FDW-SCR   Document 39   Filed 06/17/24   Page 5 of 13

It is clear these allegations support unjust enrichment based on a theory of fraud—a state-law claim. Further, no federal issue is implicated by the factual question of whether David possessed a patent between January 2023 and October 3, 2023. By proving the foregoing allegations, EFI can prevail on the third cause of action without necessarily raising a federal issue. *See Inspired Dev. Grp.*, at 1363 (although the unjust enrichment claim potentially raised questions of patent infringement, it did not necessarily raise a federal issue where plaintiff could prevail on claim without proving patent infringement).

In their jurisdictional brief, Defendants assert that the question of patent infringement is necessary to determine the fraud claim, pointing to the allegations in ¶123 of the Complaint that "David falsely represented to Veritiv in late March or early April that EFI's Three-Pad Box infringed on his patent[.]" [DE 1-1 at ¶123]. However, this allegation is unnecessary for EFI to prevail because EFI can prevail based on the allegations that David represented he had a patent when he did not. Whether a patent exists is not a federal issue. The '872 Patent did not issue until after 9 months of patent royalty payments purportedly for that patent. As in *Inspired*, although the unjust enrichment claim *potentially* raises questions regarding patents, it does not necessarily raise a federal issue where EFI can prevail on the claim on other bases.

Because EFI can prevail on the third cause of action without raising a federal issue, that claim does not support federal question jurisdiction.

### IV. The fourth cause of action for tortious interference does not contain, as a necessary element, a federal issue.

The fourth cause of action of EFI's state-court complaint for tortious interference with prospective business relations does not contain, as a necessary element, a federal issue.

With respect to the fourth claim, EFI alleges that Defendants "induced Veritiv and other of EFI's customers not to enter into further contracts or business with EFI but to instead shift their

business to [Yukon Packaging] that Chris, David, and Roy created" (DE 1-1, ¶116); and that Defendants "induced potential customers not to enter into business with EFI but instead to do business with [Yukon Packaging]" (DE 1-1, ¶117).

EFI further alleges Defendants' actions "were without justification, in that they accomplished such inducement in violation of their fiduciary and/or other duties to EFI, by wrongful use of EFI's trade secrets, confidential information, and resources" (DE 1-1 ¶118); "were not in the legitimate exercise of any right that they possessed, but rather were done with the design to injure EFI and to gain an improper advantage at EFI's expense" (DE 1-1, ¶119); and "were done willfully, maliciously, intentionally, and deliberately" (DE 1-1, ¶120).

EFI supports this claim in the state-court complaint with numerous allegations, none of which raise a federal issue. By proving such allegations, EFI can prevail on such claim without necessarily raising a federal issue. Because EFI can prevail on the fourth cause of action without raising a federal issue, that claim does not support federal question jurisdiction.

V. **The fifth cause of action for fraud does not contain, as a necessary element, a federal issue.**

The fifth cause of action of EFI's state-court complaint for fraud does not contain, as a necessary element, a federal issue. With respect to this claim, EFI alleges Defendants made false statements of material fact with the intent to deceive (see DE 1-1, ¶123(a)-(c) and ¶¶126-130); and Defendants concealed and failed to disclose material facts (see DE 1-1, ¶¶124-¶130). To be sure, EFI also alleges "David falsely represented to Veritiv in late March or early April that EFI's Three-Pad Box infringed on his patent, which statement was objectively false and made in bad faith" (see DE 1-1, ¶123(d)); however, proof of such allegation is not required for EFI to prevail on this claim. Because EFI can prevail on its fifth cause of action without raising a federal issue, that claim does not support federal question jurisdiction.

**VI.   The sixth cause of action for breach of fiduciary duty does not contain, as a necessary element, a federal issue.**

The sixth cause of action of EFI's state-court complaint for breach of fiduciary duty by a corporate officer and director does not contain, as a necessary element, a federal issue.

With respect to this cause of action, EFI alleges such breach resulted from a corporate officer and director "[t]aking an ownership stake and active role in the business of Yukon, a direct competitor of EFI, without disclosing the same to EFI's other shareholders" (DE 1-1, ¶134(a)); "[u]sing EFI's trade secrets and confidential information for the benefit of Yukon, a competitor" (DE 1-1, ¶ 134(b)); "[u]sing EFI's financial resources, factory, supplies, and business reputation for the benefit of Yukon, including contracting for purchase of machinery on EFI's account and having it shipped to Yukon's new facility in Hebron, KY (DE 1-1, ¶ 134(c)); "[f]ailing to disclose to EFI's other officers, directors, and shareholders that EFI's consultants (Zone 1, Chris, and David) were pretending to act for EFI's benefit while in fact using EFI's trade secrets to compete against EFI" (DE 1-1, ¶ 134(d)); and "[c]onspiring with the other Defendants to take away EFI's Customer 1 business by wrongful and illegal means" (DE 1-1, ¶ 134(e)).

EFI supports this cause of action in the state-court complaint with numerous allegations, none of which raise a federal issue. By proving such allegations, EFI can prevail on such claim without necessarily raising a federal issue. In turn, that claim also does not support federal question jurisdiction.

**VII.   The seventh cause of action for constructive fraud does not contain, as a necessary element, a federal issue.**

The seventh cause of action of EFI's state-court complaint for constructive fraud does not contain, as a necessary element, a federal issue.

With respect to this cause of action, EFI alleges "[a] relationship of trust and confidence existed between EFI and Roy by virtue of Roy's status as President and a Director of EFI" (DE 1-

1, ¶137); and "Roy used and took advantage of his position of trust and confidence to benefit Yukon, a competing business in which he has an interest, to the detriment of EFI by his actions" (DE 1-1, ¶ 138).

EFI supports this cause of action in the state-court complaint with numerous allegations, none of which raise a federal issue. By proving such allegations, EFI can prevail on such claim without necessarily raising a federal issue. Consequently, this claim fails to support federal question jurisdiction.

**VIII.    The eighth cause of action for trade secret misappropriation does not contain, as a necessary element, a federal issue.**

The eighth cause of action of EFI's state-court complaint for trade secret misappropriation does not contain, as a necessary element, a federal issue.

With respect to this cause of action, EFI alleges specific trade secrets that were misappropriated. (See DE 1-1, ¶ 141-152). EFI supports this claim in the state-court complaint with numerous allegations, none of which raise a federal issue. By proving such allegations, EFI can prevail on this claim without necessarily raising a federal issue. Therefore, because EFI can prevail on its eighth cause of action without raising a federal issue, this claim does not support federal question jurisdiction.

**IX.    The ninth cause of action for unfair and deceptive trade practices and methods of competition does not contain, as a necessary element, a federal issue.**

The ninth cause of action of EFI's state-court complaint for unfair and deceptive trade practices and unfair and deceptive methods of competition does not contain, as a necessary element, a federal issue. With respect to this claim, EFI incorporates the allegations previously made in connection with the foregoing claims and alleges such actions constitute unfair methods of competition and unfair and deceptive trade practices, all in violation of N.C.G.S. §75-1.1.

Because EFI can prevail on this cause of action by proving the allegations of all the prior claims without raising a federal issue, this claim does not support federal question jurisdiction.

X. **The tenth cause of action for civil conspiracy does not contain, as a necessary element, a federal issue.**

The tenth cause of action of EFI's state-court complaint for civil conspiracy does not contain, as a necessary element, a federal issue. Indeed, this claim by necessity relies upon an unlawful, tortious act that is performed by one or more conspirators in furtherance of the conspiracy, for which each conspirator is jointly and severally liable. Because none of the foregoing tortious causes of action asserted by EFI necessarily raise a federal issue, EFI can prevail on the tenth cause of action for civil conspiracy without raising a federal issue, and such claim does not support federal question jurisdiction.

## CONCLUSION

For subject matter jurisdiction to exist, a federal issue must be "necessarily raised" by one of the causes of action in the state-court complaint. However, since EFI can prevail on each cause of action without necessarily raising any federal issue, Defendants' removal was without merit, this Court lacks subject matter jurisdiction, and the case should be remanded to state court.

**[SIGNATURES ON FOLLOWING PAGE]**

This the 17th day of June, 2024.

/s/ Christopher P. Raab
Christopher P. Raab
N.C. State Bar No.: 37008
email: craab@caudlespears.com
/s/ Daniel M. Nunn
Daniel M. Nunn
N.C. State Bar No.: 42305
email: dnunn@caudlespears.com
CAUDLE & SPEARS, P.A.
121 West Trade Street, Ste. 2600
Charlotte, NC 28202
Telephone: 704-377-1200
Facsimile: 704-338-5858

/s/ Chad D. Tillman
Chad D. Tillman
N.C. State Bar No.: 21078
email: chad@ti-law.com
/s/ James D. Wright
James D. Wright
N.C. State Bar No. 27394
email: jim@ti-law.com
TILLMAN WRIGHT, PLLC
3440 Toringdon Way, Ste. 310
Charlotte, NC 28277
Telephone: 704-248-6292
Facsimile: 704-248-6298

*Attorneys for Plaintiff*

## CERTIFICATION OF COUNSEL

Pursuant to the Court's Initial Scheduling Order and the Order issued June 5, 2024 (DE 28), the undersigned certifies that the foregoing brief does not exceed 3,000 words, excluding the case caption and certificates of counsel.

This the 17th day of June, 2024.

/s/ Christopher P. Raab
Christopher P. Raab

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the pleading or paper to which this Certificate is attached has been served via ECF filing which will send notification to all counsel of record.

This the 17th day of June, 2024.

/s/ Christopher P. Raab
Christopher P. Raab
*Attorney for Plaintiff*